IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TIMOTHY WILSON, JR.,

    Plaintiff,

vs.

ARTHUR STANLEY,

    Defendant.

Case No. 16-cv-0610-SMY-SCW

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff Arthur Stanley's Notice of Removal (Doc. 5). For the following reasons, this case is **REMANDED** to the Twentieth Judicial Circuit Court of St. Clair County, Illinois.

Removal is proper where the District Court has original jurisdiction. 28 U.S.C. §1441(a). District Courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. §1331. Additionally, federal courts have original jurisdiction if there is a federal question or diversity of citizenship. 28 U.S.C. §§1331-1332; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Id*. The presence or absence of a federal question is governed by the "well-pleaded complaint" rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Id.*

Here, Stanley claims that state court eviction proceedings violate the Due Process Clause of the United States Constitution. However, Stanley cannot create a federal question in his Notice of Removal when no federal question existed on the face of his state court complaint. Moreover, the Court notes that Stanley has essentially restated the same allegations in this Notice

of Removal as he did in numerous previously remanded cases (case numbers 15-cv-1401, 15-cv-1315 and 16-cv-125).

Lastly, given Stanley's history of filing frivolous cases and pleadings (this is Stanley's sixth frivolous or remanded lawsuit), further discussion is warranted. Stanley is **ADVISED** that under *Alexander v. United States*, 121 F.3d 312 (7th Cir. 1997) and *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995), courts have inherent authority to protect themselves from vexatious litigation by imposing fines and filing bands. In *Alexander*, the Court warned that if the petitioner filed any further frivolous habeas petitions, he would be fined $500; the fine would have to be paid before any other civil litigation be allowed to be filed, and any habeas action would be summarily dismissed thirty days after filing unless otherwise ordered by the Court. Stanley should keep *Alexander* and *Mack* in mind before filing any additional civil actions or pleadings in this court.

For the foregoing reasons, this matter is **REMANDED** to the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, for lack of subject matter jurisdiction. All pending motions are **MOOT**.

**IT IS SO ORDERED.**

**DATED:** July 22, 2016

s/ Staci M. Yandle
**STACI M. YANDLE**
**DISTRICT JUDGE**
